O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. GARCIA, | ) NO. CV 12-06542-MAN |
|        Plaintiff, | ) |
|        v. | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
|        Defendant. | ) |

Plaintiff filed a Complaint on August 2, 2012, seeking review of the denial of plaintiff's application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On September 13, 2012, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on June 25, 2013, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken

---

[1]     Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action. (*See* Fed. R. Civ. P. 25(d).)

1 the parties' Joint Stipulation under submission without oral argument.

2

3 **SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

4

5 Plaintiff filed an application for a period of disability, DIB, and SSI on May 19, 2009.

6 (Administrative Record ("A.R.") 22.)  Plaintiff, who was born on April 24, 1960 (A.R. 32),[2] claims

7 to have been disabled since August 1, 2003, due to lower back pain, hepatitis C, high blood

8 pressure, anxiety, and depression (A.R. 108, 113).  Plaintiff has past relevant work experience as

9 a construction worker, security guard, and substance abuse counselor.  (A.R. 32.)

10

11 After the Commissioner denied plaintiff's claim initially and upon reconsideration, plaintiff

12 requested a hearing. (A.R. 22.)  On January 19, 2011, plaintiff, who was represented by counsel,

13 appeared and testified at a hearing before Administrative Law Judge Keith Dietterle (the "ALJ").

14 (*Id.*)  Vocational expert Kelly Winn-Boaitey and medical expert Sami A. Nafoosi, M.D., also

15 testified.  (*Id.*)  On March 1, 2011, the ALJ denied plaintiff's claim (A.R. 22-34), and the Appeals

16 Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-6).  That

17 decision is now at issue in this action.

18

19 **SUMMARY OF ADMINISTRATIVE DECISION**

20

21 In his March 1, 2011 decision, the ALJ found that plaintiff met the insured status

22 requirements of the Social Security Act through December 31, 2005, and plaintiff has not engaged

23 in substantial gainful activity since April 1, 2003, the alleged onset date of his disability.  (A.R.

24 24.) The ALJ determined that plaintiff has the severe impairments of:  degenerative disease in

25 the lumbar spine; soft swelling in the knees; hepatitis C; hypertension; chronic obstructive

26

27        [2]        On the alleged disability onset date, plaintiff was 42 years old, which is defined as
a younger individual.  (A.R. 32; citing 20 C.F.R. §§ 404.1563, 416.963.)  Plaintiff's age category
28 has subsequently changed to that of "closely approaching advanced age."  (*Id.*)

pulmonary disease; obesity; an anxiety disorder, non-specific; and a depressive disorder, non-specific. (A.R. 24.) The ALJ concluded, however, that plaintiff does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (*Id.*)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b), that is, he can lift and carry up to 10 pounds frequently and 20 pounds occasionally, and sit and stand/walk each for 6 hours out of an 8-hour day provided he is able to change positions one to three minutes each hour, and except that he is limited to occasionally climbing stairs/ladders/scaffolds/ropes, bending, balancing, stooping, kneeling, squatting, crouching and crawling; he cannot perform work around unprotected heights or dangerous or fast moving machinery; he cannot work in an environment where there is concentrated exposure to dust, fumes, gases or sudden temperature changes; and he is limited to simple, routine tasks in an environment that would not require more than brief public contact.

(A.R. 26.) In making this finding, the ALJ considered the subjective symptom testimony of plaintiff, which the ALJ found was not entirely credible, as well as the medical evidence and opinions of record. The ALJ gave significant weight to, *inter alia*, the opinion of the medical expert, Dr. Nafoosi, that plaintiff can engage in light exertion with some additional postural and environmental limitations, because unlike the opinion of plaintiff's treating physician, Rodney M. Wishnow, M.D., the ALJ found Dr. Nafoosi's opinion to be consistent with the clinical findings, the objective studies, and other evidence of record. (A.R. 31.)

1    The ALJ found that plaintiff was unable to perform his past relevant work.  (A.R. 32.)

2    However, based upon the ALJ's RFC assessment for plaintiff and after having considered plaintiff's

3    age, education,[3] work experience, and the testimony of the vocational expert, the ALJ found that

4    plaintiff "has acquired work skills from past relevant work that are transferable to other

5    occupations with jobs existing in significant numbers in the national economy," including the jobs

6    of hand packager and small products assembler.  (A.R. 33.)  Accordingly, the ALJ concluded that

7    plaintiff has not been under a disability, as defined in the Social Security Act, from April 1, 2003,

8    the alleged onset date, through March 1, 2011, the date of the ALJ's decision.  (A.R. 34.)

9

10                              **STANDARD OF REVIEW**

11

12    Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine

13    whether it is free from legal error and supported by substantial evidence in the record as a whole.

14    Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence

15    as a reasonable mind might accept as adequate to support a conclusion.'"  Id. (citation omitted).

16    The "evidence must be more than a mere scintilla but not necessarily a preponderance."  Connett

17    v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute

18    substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v.

19    Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

20

21    Although this Court cannot substitute its discretion for that of the Commissioner, the Court

22    nonetheless must review the record as a whole, "weighing both the evidence that supports and

23    the evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Sec'y of Health

24    and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995

25    (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical

26    testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.

27    ───────────────────

28         [3]    The ALJ found that plaintiff has a limited education and is able to communicate in
English.  (A.R. 33.)

4

1   1995).

2

3       The Court will uphold the Commissioner's decision when the evidence is susceptible to

4   more than one rational interpretation.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

5   However, the Court may review only the reasons stated by the ALJ in his decision "and may not

6   affirm the ALJ on a ground upon which he did not rely."  Orn, 495 F.3d at 630; see also Connett,

7   340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless

8   error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential

9   to the ultimate nondisability determination.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th

10  Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch, 400

11  F.3d at 679.

12

13                                   **DISCUSSION**

14

15      Plaintiff asserts three sources of error.  First, plaintiff claims that the ALJ erred in giving

16  significant weight to the opinion of the medical expert, because he is not a board certified

17  internist.  (Joint Stipulation ("Joint Stip.") at 5-7, 9-10.)  Second, plaintiff asserts that the

18  administrative record is incomplete, because it does not contain the December 2010 functional

19  capacity statement by plaintiff's treating physician, Rodney M. Wishnow, to whose opinion the ALJ

20  gave limited weight in finding that plaintiff is not disabled.  (Id. at 10-12, 14.)  Third, plaintiff

21  claims that the ALJ failed to give appropriate reasons for rejecting Dr. Wishnow's opinion.[4] (Id.

22  at 14-17, 19-20.)

23  ///

24  ///

25  ///

26  ///

27  _____

28      [4]   As plaintiff's second and third claims of error are interrelated, the Court will address
    them together.

                                          5

**I.    On Remand, The ALJ Should Revisit His Consideration Of The Testimony Of Dr. Nafoosi.**

Plaintiff claims that the ALJ improperly relied upon the opinion of medical expert Sami Nafoosi in finding that plaintiff is not disabled, because Dr. Nafoosi was not board certified when he testified at the administrative hearing.  (Joint Stip. at 5-7.)  Accordingly, plaintiff contends that this Court should "vacate the reliance on Dr. Nafoosi and remand this matter for a new hearing." (Joint Stip. at 7.)

In general, more weight is given to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.  20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5).  "Board certification is recognized as a 'marker of a physician's professionalism, knowledge and skill' and allows physicians to test and enhance their clinical judgment. . . .  Although certification is unnecessary, it is an added prestige upon which ALJs tend to rely."  Bogosian v. Astrue, 2012 U.S. Dist. LEXIS 76068, at *8-9 (C.D. Cal. May 31, 2012) (citations omitted).

While a physician's board certification or specialization may be a basis to accord additional weight to that physician's opinion, it appears that no deference to Dr. Nafoosi's opinion on that basis was either warranted or accorded by the ALJ.  As an initial matter, although Dr. Nafoosi testified that he is a "doctor in internal medicine," he never represented that he was a board certified internist.  (A.R. 95.)  Further, in affording Dr. Nafoosi's opinion significant weight, the ALJ never referenced Dr. Nafoosi's board certification status.  Instead, the ALJ explained that he accorded significant weight to Dr. Nafoosi's opinion, because it was "supported by the clinical findings, the objective studies and other evidence of record."  (A.R. 31.)  Accordingly, because there is no evidence that the ALJ gave any weight to Dr. Nafoosi's opinion based on a mistaken belief about his board certification status, the Court does not find plaintiff's argument on this issue to be persuasive and further finds that any error that may have been committed was harmless.

1    *See* <u>Stout</u>, 454 F.3d at 1055 (noting that an ALJ's error is harmless if it is "inconsequential to the
2    ultimate nondisability determination"); *see also* <u>Moreno v. Colvin</u>, 2013 U.S. Dist. LEXIS 55157,
3    at *10 n.4 (C.D. Cal. Apr. 16, 2013) (finding harmless error when "the ALJ's mistaken belief about
4    Dr. Nafoosi's board certification status was not an important factor in the weight given to his
5    opinion").

6

7    However, as this case is being remanded for the reasons discussed *infra*, the ALJ should
8    revisit his consideration of the testimony of Dr. Nafoosi in view of his actual qualifications.

9

10    **II.    The Administrative Record Is Incomplete, And Thus, The Court**
11    **Cannot Evaluate Whether The ALJ's Rejection Of The Opinion Of**
12    **Plaintiff's Treating Physician Is Supported By Substantial Evidence.**

13

14    Plaintiff claims that the administrative record is incomplete, because it does not include the
15    December 2010 functional capacity statement completed by plaintiff's treating physician, Dr.
16    Wishnow, whose opinion the ALJ rejected. (Joint Stip. at 10-12.) Plaintiff further claims that "it
17    is impossible for [him] to challenge the propriety of the ALJ's rejection of Dr. Wishnow's treating
18    opinion . . . without having the benefit of actually reviewing that evidence which the ALJ himself
19    considered." (*Id.* at 11-12.) Plaintiff notes that "[t]he [C]ourt also suffers from the same
20    disadvantage." (*Id.* at 12.)

21

22    Defendant does not contest the fact that Dr. Wishnow's December 2010 statement is
23    missing from the administrative record. Defendant contends, however, that "[t]o the extent the
24    ALJ erred in not including Dr. Wishnow's assessment, such error was harmless," because "[i]t is
25    unclear how Dr. Wishnow's most recent assessment materially differs from his previous
26    conclusions that [p]laintiff could not work." (Joint Stip. at 12-13.)

27

28    At the administrative hearing, the ALJ received and admitted Dr. Wishnow's functional

1   capacity statement into evidence. (A.R. 76.)  The ALJ indicated that Dr. Wishnow's statement was
2   to be marked as exhibit 10F (*id.*), and the ALJ cited this statement when posing a hypothetical
3   question to the vocational expert (A.R. 102).   In his decision, after considering the medical
4   evidence and opinions of record, the ALJ ultimately accorded little weight to the opinion of Dr.
5   Wishnow, because the ALJ found Dr. Wishnow's opinion to be "[in]consistent with the clinical
6   findings, objective studies and other evidence of record."  (A.R. 31.)

8        As plaintiff properly notes, the administrative record before this Court does not contain Dr.
9   Wishnow's December 2010 statement.   Contrary to defendant's contention, this error is not
10  harmless.   Significantly, without the opportunity to review a *complete* administrative record,
11  including Dr. Wishnow's December 2010 functional capacity statement, this Court cannot properly
12  determine whether the reasons the ALJ provided for rejecting the opinion of Dr. Wishnow are
13  specific and legitimate *and* supported by substantial evidence.   Thus, this Court cannot reach
14  plaintiff's third claim -- *to wit*, that the ALJ failed to provide appropriate reasons for rejecting Dr.
15  Wishnow's opinion.

17       **III.   Remand Is Required.**

19       The decision whether to remand for further proceedings or order an immediate award of
20  benefits is within the district court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir.
21  2000).  Where no useful purpose would be served by further administrative proceedings, or where
22  the record has been fully developed, it is appropriate to exercise this discretion to direct an
23  immediate award of benefits.  *Id.* at 1179 ("[T]he decision of whether to remand for further
24  proceedings turns upon the likely utility of such proceedings.").   However, where there are
25  outstanding issues that must be resolved before a determination of disability can be made, and
26  it is not clear from the record that the ALJ would be required to find the claimant disabled if all
27  the evidence were properly evaluated, remand is appropriate.  *Id.* at 1179-81.

28

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED:  January 30, 2014

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

9